## STATE v. HIPPLE PRINTING COMPANY, et al.

### (154 N. W. 292.)

((File No. 3854.  Opinion filed October 8, 1915.)

1.  **Contempt—Publication of Interview Concerning Disbarment— Ascribing Improper Motives to Supreme Court—Impeding Course of Justice.**

    A corporation, publisher of a newspaper in which it published an interview of an attorney who predicted that the Supreme Court would not disbar another attorney who was a candidate for governor, for the reason that such candidate "proposes to use every argument within his command, in the coming campaign for the governorship, and that if pressed to it, he will bear down upon the fact that the Supreme Court * * * saw fit to decide against" the state auditor in a recent decision wherein the constitutionality of a statute providing for payment of expense money to the Judges of the Supreme Court was upheld, was guilty of contempt of court; the evidence showing in effect that the publication charges that the Court "will be influenced by selfish and improper motives" in considering the disbarment proceedings, and that such publication, pending the trial and decision, would tend to embarrass, impede, and interrupt the due administration of justice in fairly and impartially trying the issues.

2.  **Contempt—Disclaimer of Editor, by Apology, as Defense—Insincerity of Apology—Previous Contemptuous Publication, Effect.**

    A published apology by an editor of a newspaper expressing regret for the publication, and disclaiming knowledge by the editor of publication at the time thereof, or any intention to reflect upon the integrity of the Court, and affirming "that we have never been found wanting in respect for the ability, dignity, and honor of the judges of the Supreme Court," did not purge the contempt; since the Court, in view of several previously published articles therein, both original and copied, reflecting seriously upon the Court and its Judges, is convinced of the insincerity of the apology, disclaimer, and profession of respect for the Court and its Judges.

3.  **Contempt—Newspaper Publication—Want of Knowledge of Publication by Managing Editor, as Defense.**

    Where the evidence was insufficient to show that the editor,

who was also president and manager of the defendant corporation, personally took part therein, or had any knowledge of the fact of the publication of the contemptuous article, or the contents of the article until after publication thereof, the contempt proceedings will be dismissed as against the editor.

Original proceedings in contempt by the state against the Hipple Printing Company and another. Defendant Hipple Printing Company convicted; proceeding dismissed as to defendant Hipple.

*C. C. Caldwell,* Attorney General, for Plaintiff.

*Howard G. Fuller,* for Defendants.

WHITING, J.   [1] Defendants were charged with contempt of court, in that they were alleged to have caused a certain contemptuous article to be published in the "Daily Capital Journal," a newspaper published at the city of Pierre. The defendant corporation was the publisher of such newspaper, and the other defendant was the president of such corporation and the manager and editor of such newspaper at the time of such alleged publication. The article complained of is the same one referred to in our opinion in the case of State v. Kirby, 154 N. W. 284, which opinion will be handed down with this opinion. Reference is made to the opinion in the Kirby Case for a statement of the facts connecting the defendant corporation with such article. In answer to the complaint herein, the defendant Hipple and the reporter Kingsbury filed their affidavits admitting the publication of such article, placing the responsibility for such publication upon the said reporter, and alleging that neither Hipple nor any of the other directors or stockholders of defendant corporation knew of such publication until after this proceeding was initiated.

[2] The defendant Hipple, on behalf of himself and the other directors and stockholders of defendant corporation, expressed to the judges of this court "fullest obeisance and regret that the occurrence has taken place," and attached to his affidavit a clipping from the "Daily Capital Journal," published after the commencement of this proceeding, in which clipping the defendant Hipple, as the editor of such paper, disclaims having had any knowledge of such publication at the time thereof, disclaims "any intention of the editor or the paper to reflect upon the integrity of the court," and affirms that:

"We have never been found wanting in respect for the ability, dignity, and honor of the judges of the Supreme Court."

And in an oral statement made to the court upon the hearing herein, defendant Hipple, in reference to the taking of the expense allowance by the judges of this court, said, "I think * * * they were of the opinion that they were doing right." Other issues of the "Daily Capital Journal" were received in evidence, and from these it appeared that the defendant Hipple, and through him his codefendant, were, at the time of the publication complained of, fully advised in relation to the pendency of the disbarment proceedings against Mr. Egan. There was no evidence offered tending to dispute defendant Hipple's claim that he did not know of the publication of the article complained of until after such publication.

This court would have been glad to have accepted at its face value the apology offered, the disclaimer of intent to reflect upon its integrity, and the profession of respect for the ability, dignity, and honor of the judges; and, accepting the same, would have been glad to have found that the defendants had purged themselves of all contempt and to have sent them forth without punishment. But evidence received, in the form of articles appearing from time to time in the columns of the "Daily Capital Journal," could not but convince this court of the insincerity of such apology, disclaimer, and profession, and especially as to the sincerity of defendants' profession that they had never been wanting in respect for the honor of the judges of this court. One cannot, for a long period, follow a course evidencing clearly lack of respect for another and a belief in such other's lack of honor and integrity, and then, when brought face to face with a charge of contempt based upon some certain contemptuous conduct, purge himself of the contempt by professions absolutely inconsistent with such course of conduct. Several articles, both original and copied, published from time to time during a period of some four or five months prior to the hearing in this matter, reflected most seriously upon the honor, the dignity, and the integrity of this court and its judges.

[3] The court entered findings, finding that the article in question was published as charged; that, at the time of such publication, the defendant Hipple and his codefendant through him

knew of the pendency of the Egan disbarment proceedings; that the evidence was insufficient to show that defendant Hipple personally took part in or had any knowledge of the fact of the publication or contents of said article until after the publication thereof; that the article published charges that this court "will be influenced by selfish and improper motives in the consideration of said disbarment proceedings"; and that "the publication and circulation thereof, during the pendency of said proceedings, and prior to the trial and decision thereof, would from its nature have a tendency to embarrass, impede, and interrupt the due administration of justice and the proceedings of said court in fairly and impartially trying the issues between the said George W. Egan and his accusers." Upon such findings it entered judgment, dismissing the proceeding as against defendant Hipple, adjudging the defendant corporation guilty of contempt, and adjudging that it pay a fine of $100.

Inasmuch as we have fully discussed the law, as it pertains to the facts proven in this case, in our opinion, in State v. Kirby, supra, it becomes unnecessary to further discuss it herein. What we said in such opinion shows, not only the propriety, but the necessity, of the action taken herein, as well as the justness of the fine imposed.